UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUNG C. KIM and DOO LOO KIM,

           Plaintiff(s),

  – vs. –

IVAN C. CISTERNAS, APOLLO DISTRIBUTING COMPANY, PASSASIC CLIFTON DRIVE-UR-SELF SYSTEM, GRACE M. VIALET, YOHANI O. TREMOLSCRESPO, WILLIAM P. ALLEN, MAIL CENTER SERVICES, INC., PENSKE TRUCK LEASING CO., L.P.,

           Defendant(s).

Case No.: 11-CV-00345 (DLI) (LB)

**AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs Sung C. Kim and Doo Loo Kim (collectively, "Plaintiffs"), by and through their attorneys, the Law Office of Charles C. Khym, hereby complain of defendants Ivan C. Cisternas ("Cisternas"), Apollo Distributing Company ("Apollo"), Passasic Clifton Drive-UR-Self System ("Drive-UR-Self"), Grace M. Vialet ("Vialet"), Yohani O. Tremolscrespo ("Tremolscrespo"), William P. Allen ("Allen"), Mail Center Services, Inc. ("Mail Center") and Penske Truck Leasing Co., L.P. ("Penske") (collectively "Defendants"), and allege upon, information and belief as follows:

## NATURE OF ACTION

1. Plaintiffs bring this action to recover damages for personal injuries suffered by them as a result of a motor vehicle accident that occurred on June 9, 2010 on the east bound lanes of I-95 at or near the upper level of the George Washington Bridge in the City and State of New York (the "Accident").

2. Plaintiffs commenced suit by filing a Summons and Verified Complaint in the state courts of the Supreme Court of New York, Richmond County, under index number 102669-2010. The state action named parties Cisterna, Drive-UR-Self, Vialet, Tremolscrespo, Allen and Penske as defendants therein, but did not include parties Apollo or Mail Center as defendants.

3. Defendants Allen and Penske removed the state action to the federal courts of the United States District Court, Eastern District of New York, by filing a Notice of Removal pursuant to 28 U.S.C. § 1441(a).

4. Plaintiffs now submit this Amended Complaint in contemplation of joining parties Apollo and Mail Center as additional defendants. Since the filing and service of Plaintiffs' state action, defendants Drive-UR-Self and Penske have alleged that the vehicle owned by them were leased to parties Apollo and Mail Center at the time of the Accident. Assuming that these allegations are true, parties Apollo and Mail Center are necessary and material parties who share a joint interest in the subject matter of the litigation and whose absence from the litigation would result in incomplete relief or substantial prejudice to those already made parties hereto.

5. This Amended Complaint is timely made, since it is submitted within 21 days following the service of a responsive pleading pursuant Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs' were first served with a response pleading in this action on January 31, 2011.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) pursuant to the Notice of Removal. The Notice of Removal alleges that the action is between citizens of different states and that the matter in controversy exceeds the value of $75,000.00 exclusive of interests and cost.

7. Venue in the Eastern District of New York is proper under 28 U.S.C. § 1446(a). The Notice of Removal was filed in the Eastern District of New York, which is the district court for the judicial district and division in which Plaintiffs' original state action was pending at the time of filing.

## THE PARTIES

8. At all material times, plaintiff Sung C. Kim is a resident of Pomona, New York.

9. At all material times, plaintiff Doo Loo Kim is a resident of Staten Island, New York.

10. At all material times, defendant Cisternas was and is a resident of Toms River, New Jersey and resides at 524 River Dr., Toms River, New Jersey 08753. Upon information and belief, Cisternas was an employee of defendant Apollo at the time of the Accident and is currently employed by Apollo to this day.

11. At all material times, defendant Apollo is a corporation duly organized and existing under the laws of the State of New Jersey with its principal place of business located at 128 Passaic Ave., Fairfield, New Jersey 07522. Upon information and belief, Apollo was an employer of defendant Cisternas at the time of the Accident and continues to employ Cisternas to this day.

12. At all material times, defendant Apollo is also a foreign corporation duly authorized to conduct business in the State of New York and transacts business within New York or contracts anywhere to supply goods or services in New York. Additionally, Apollo does or solicits business within New York and derives substantial revenues from goods used or consumed or services rendered in New York. Apollo also expects or should reasonably expect

its acts and business activities to have consequences in New York and derives substantial revenue from interstate or international commerce.

13. At all material times, defendant Drive-UR-Self is a corporation duly organized and existing under the laws of the State of New Jersey with its principal place of business located at 275 Main Ave., Passaic, New Jersey 07055.

14. At all material times, defendant Drive-UR-Self is also a foreign corporation duly authorized to conduct business in the State of New York and transacts business within New York or contracts anywhere to supply goods or services in New York. Additionally, Drive-UR-Self does or solicits business within New York and derives substantial revenues from goods used or consumed or services rendered in New York. Drive-UR-Self also expects or should reasonably expect its acts and business activities to have consequences in New York and derives substantial revenue from interstate or international commerce.

15. At all material times, defendant Vialet is a resident of Paterson, New Jersey and resides at 124 North Main St., Patterson, New Jersey 07522.

16. At all material times, defendant Tremolscrespo is a resident of Paterson, New Jersey and resides at 407-409 East 28th Street, Paterson, New Jersey 07514.

17. At all material times, defendant Allen is a resident of Bridgeport, Connecticut and resides at 65 James Street, Bridgeport, Connecticut 06604. Upon information and belief, Allen was an employee of defendant Mail Center at the time of the Accident and continues to be employed by Mail Center to this day.

18. At all material times, defendant Mail Center is a corporation duly organized and existing under the laws of the State of Connecticut with its principal place of business located at 135 Island Brook Ave., Bridgeport, Connecticut 06610. Upon information and belief, Mail

Center was an employer of defendant Allen on the day of the Accident and continues to employ Allen to this day.

19. At all material times, defendant Mail Center is also a foreign corporation duly authorized to conduct business in the State of New York and transacts business within New York or contracts anywhere to supply goods or services in New York. Additionally, Mail Center does or solicits business within New York and derived substantial revenues from goods used or consumed or services rendered in New York. Mail Center also expects or should reasonably expect its acts and business activities to have consequences in New York and derives substantial revenue from interstate or international commerce.

20. At all material times, defendant Penske is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at Route 10 Green Hills, Reading, Pennsylvania.

21. At all material times, defendant Penske is also a foreign corporation duly authorized to conduct business in the State of New York and transacts business within New York or contracts anywhere to supply goods or services in New York. Additionally, Penske does or solicits business within New York and derives substantial revenues from goods used or consumed or services rendered in New York. Penske also expects or should reasonably expect its acts and business activities to have consequences in New York and derives substantial revenue from interstate or international commerce.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF SUNG C. KIM**

22. At all material times, one or more of defendants Cisternas, Apollo and/or Drive-UR-Self was (were) the owner or co-owner of a 2000 Volkeswagen motor vehicle bearing a New Jersey state registration number AJ9182.

23. At all material times, one or more of defendants Cisternas, Apollo and Drive-UR-Self managed, maintained and controlled the aforesaid motor vehicle bearing New Jersey state registration number AJ9182.

24. At all material times, defendant Cisternas operated the aforementioned motor vehicle bearing New Jersey state registration number AJ9182 with the knowledge, permission and consent of Apollo and Drive-UR-Self.

25. At all material times, defendant Cisternas operated the aforementioned motor vehicle bearing New Jersey state registration number AJ9182 during the course of his/her employment with Apollo and/or Drive-UR-Self, or operated the vehicle as an agent or other authorized capacity on behalf of and for the benefit of Apollo and/or Drive-UR-Self.

26. At all material times, one or more of defendants Vialet and/or Tremolscrespo was (were) the owner or co-owner of a 1998 Mecury motor vehicle bearing New Jersey state registration number VEX 12R.

27. At all material times, one or more of defendants Vialet and/or Tremolscrespo managed, maintained and controlled the aforesaid motor vehicle bearing New Jersey state registration number VEX 12R.

28. At all material times, defendant Vialet operated the aforementioned motor vehicle bearing New Jersey state registration number VEX 12R with the knowledge, permission and consent of Tremolscrespo.

29. At all material times, defendant Vialet operated the aforementioned motor vehicle bearing New Jersey state registration number VEX 12R during the course of his/her employment with Tremolscrespo, or operated the vehicle as an agent or other authorized capacity on behalf of and for the benefit of Tremoscrespo.

30.  At all material times, one or more of defendants Allen, Mail Center and/or Penske was (were) the owner or co-owner of a 2007 International motor vehicle bearing a Connecticut state registration number K38987.

31.  At all material times, one or more of defendants Allen, Mail Center and/or Penske managed, maintained and controlled the aforesaid motor vehicle bearing Connecticut state registration number K38987.

32.  At all material times, defendant Allen operated the aforementioned motor vehicle bearing Connecticut state registration number K38987 with the knowledge, permission and consent of Mail Center and Drive-UR-Self.

33.  At all material times, defendant Allen operated the aforementioned motor vehicle bearing New Jersey state registration number K38987 during the course of his/her employment with Mail Center and/or Penske, or operated the vehicle as an agent or in some other authorized capacity on behalf of and for the benefit of Mail Center and/or Penske.

34.  At all material times, plaintiff Sung C. Kim was the owner and operator of a 2010 Toyota motor vehicle bearing New York state registration number EUT4459.

35.  On June 9, 2010, defendant Cisternas was operating a vehicle owned by himself/herself, Apollo and/or Drive-UR-Self. Cisternas was operating the vehicle during the course of his/her employment with Apollo and/or Drive-UR-Self, or in his/her capacity as an agent or other authorized capacity on behalf of and for the benefit of Apollo and/or Drive-UR-Self.

36.  On June 9, 2010, defendant Vialet was operating a vehicle owned by himself/herself and/or Tremolscrespo. Vialet was operating the vehicle during the course of

his/her employment with Tremolscrespo or in his/her capacity as an agent or some other authorized capacity on behalf of and for the benefit of Tremolscrespo.

37. On June 9, 2010, defendant Allen was operating a vehicle owned by himself/herself, Mail Center and/or Penske. Defendant Allen was operating the vehicle during the course of his/her employment with Mail Center and/or Penske, or in his/her capacity as an agent or some other authorized capacity on behalf of and for the benefit of Mail Center and/or Penske.

38. One June 9, 2010, the motor vehicle operated by Cisternas, as described above, the motor vehicle operated by Vialet, as described above, the motor vehicle operated by Allen, as described above, and the motor vehicle operated by Sung C. Kim, as described above, were in contact.

39. On June 9, 2010, each of the motor vehicles owned and/or operated by each of the Defendants came in contact with the rear of the motor vehicle operated by Sung C. Kim.

40. On June 9, 2010, each of the motor vehicle owned and/or operated by each of the Defendants came in contact with one another such as cause one or more of Defendants' vehicles to come into contact the rear of the vehicle operated by Sung C. Kim.

41. On June 9, 2010, the occurrence described above took place on the eastbound upper expressway of the George Washington Bridge in the County of New York, City and State of New York.

42. The aforementioned occurrence was caused wholly and solely by reason of the negligence of each of the Defendants, jointly and severally, without any fault or negligence on the part of the Plaintiffs contributing thereto.

43. Each of the Defendants was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforementioned vehicles.

44. Additionally, each of the Defendants was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

45. By reason of the foregoing, Sung C. Kim was injured.

46. By reason of the foregoing, Sung C. Kim sustained severe and permanent personal injuries.

47. By reason of the foregoing, Sung C. Kim sustained serious injuries as defined by New York's Insurance Law § 5102(d).

48. By reason of the foregoing, Sung C. Kim sustained serious injuries and economic loss greater than basic economic loss as defined by New York's Insurance Law § 5104.

49. By reason of the foregoing, Sung C. Kim was otherwise damaged, jointly and severally, by each of the Defendants.

50. By reason of the foregoing, plaintiff Sung C. Kim has been damaged in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

51. Plaintiff Sung C. Kim is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances of this action.

52. This action falls within one or more of the exceptions set forth in New York's Civil Procedure Law & Rules ("CPLR") § 1602.

53. The laws of the State of New York law are controlling in this action and supersede all conflicts of law.

54. New York courts have jurisdiction over each and all of the Defendants pursuant to CPLR 302 and the laws of the State of New York.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF DOO LOO KIM

55. Plaintiff Doo Loo Kim repeats and re-alleges each and every allegation set forth above as if set forth completely and at length herein.

56. At all material times, Doo Loo Kim was a seat-belted passenger in the 2010 Toyota motor vehicle operated by Sung C. Kim.

57. By reason of the forgoing, Doo Loo Kim was injured.

58. By reason of the foregoing, Doo Loo Kim sustained severe and permanent personal injuries.

59. By reason of the foregoing, Doo Loo Kim sustained serious injuries as defined by New York's Insurance Law § 5102(d).

60. By reason of the foregoing, Doo Loo Kim sustained serious injuries and economic loss greater than basic economic loss as defined by New York's Insurance Law § 5104.

61. By reason of the foregoing, Doo Loo Kim was otherwise damaged.

62. By reason of the foregoing, plaintiff Doo Loo Kim has been damaged in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

63. Plaintiff Doo Loo Kim is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to

reimburse plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances of this action.

64. This action falls within one or more of the exceptions set forth in CPLR § 1602.

65. The laws of the State of New York law are controlling in this action and supersede all conflicts of law.

66. New York courts have jurisdiction over each and all of the Defendants pursuant to CPLR 302 and the laws of the State of New York.

## JURY DEMAND

67. Plaintiffs hereby demand a jury trial on all claims so triable.

**WHEREFORE**, Plaintiffs respectfully request that the Court assume jurisdiction herein and pray for judgment in their favor against all defendants on all causes of action for a sum to be determined for compensatory, special and general damages, together with the costs and disbursements of this action, prejudgment interest and for such other and further relief as the interests of law or equity may require.

Dated: February 15, 2011

Respectfully submitted,

s/ Benjamin S. Hahm, Esq.

BENJAMIN S. HAHM, ESQ. (BH4799)
LAW OFFICES OF CHARLES C. KHYM
Attorneys for Plaintiff(s)
SUNG C. KIM and DOO LOO KIM
39-01 Main Street, Suite 608
Flushing, New York 11354
Tel: (718) 445-1300
Fax: (718) 445-8616
Our File No.: 6350-10

TO:

RAWLE & HENDERSON, LLP

Attorneys for Defendant(s)
WILLIAM P. ALLEN and PENSKE TRUCK LEASING CO., L.P.
and Incoming Defendant(s)
MAIL CENTER SERVICES, INC.
14 Wall Street, 27th Floor
New York, New York 10005-2101
(212) 323-7070
Attn: Robert A. Fitch, Esq. (RF2198)

Litchfield Cavo LLP
Attorneys for Defendant(s)
IVAN C. CISTERNAS and PASSAIC CLIFTON DRIVE-UR-SELF SYSTEMS
and Incoming Defendant(s)
APOLLO DISTRIBUTING COMPANY
420 Lexington Ave.
Suite 2104
New York, New York 10170
(212) 434-0104
Attn: Mark A. Everett, Esq.

Apollo Distributing Company
128 Passaic Ave.
Fairfield, New Jersey 07004

Grace M. Vialet
124 North Main St.
Paterson, New Jersey 07522

Yohani O. Tremolscrespo
407-409 East 28th St.
Paterson, New Jersey 07514

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

Civil Action No.: 11-CV-345

---

SUNG C. KIM and DOO LOO KIM,

                        Plaintiff(s),

– vs. –

IVAN C. CISTERNAS, APOLLO DISTRIBUTING COMPANY, PASSASIC CLIFTON DRIVE-UR-SELF SYSTEM, GRACE M. VIALET, YOHANI O. TREMOLSCRESPO, WILLIAM P. ALLEN, MAIL CENTER SERVICES, INC., PENSKE TRUCK LEASING CO., L.P.,,

                        Defendant(s).

---

## AMENDED COMPLAINT

---

**LAW OFFICES OF CHARLES C. KHYM P.C.**
39-01 Main Street – Suite 608
Flushing, New York 11354
(718) 445-1300